1:19 MJ 9309

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

**AFFIDAVIT**

I, William Meholif, being duly sworn, hereby state as follows:

1. I am currently a Special Agent with the Drug Enforcement Administration (DEA), where I have been employed since September 2007.

2. From September 2007 to present, I have been assigned to both the DEA Cleveland District Office (CDO) and Eagle Pass, Texas Resident Office (EPRO). The CDO is a multi-agency working group formed for the purpose of investigating drug related offenses occurring in/or around the CDO designated area of responsibility. I have participated in narcotics investigations with the DEA.

3. I have experience investigating drug trafficking offenses. I have participated in investigations involving cocaine, marijuana, methamphetamine, heroin, and various other controlled substances. These investigations have resulted in arrests, convictions, and the issuance of search warrants. I have received specialized training in the enforcement of laws concerning controlled substances as found in Title 21, United States Code. In connection with my duties as a Federal law enforcement officer, I have executed search warrants and have testified in numerous judicial proceedings for violations of laws concerning controlled substances.

4. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, section 2510(7), in that I am empowered by law to conduct investigations and make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

5. This affidavit is being submitted for the limited purpose of establishing probable cause that Damian BELL, has violated Title 21 U.S.C. § 841(a)(1) (manufacture, distribution, or possession with intent to distribute a controlled substance, namely 6-Monoacetylmorphine (a schedule I controlled substance), Diacetylmorphine [Heroin] (a schedule I controlled substance), Carfentanil (a schedule II controlled substance), Cocaine (a schedule II controlled substance) and Fentanyl (a schedule II controlled substance). As such, this affidavit does not include every fact known to your Affiant regarding this investigation, but will seek to summarize the relevant information. The statements made in this affidavit are based in part on information provided by members of the Lorain Police Narcotics Unit. Your Affiant is familiar with the facts and circumstances of the offenses described in this Affidavit based upon Affiant's obtaining information from law enforcement. Except as otherwise noted, the information set forth in this Affidavit has been provided to your Affiant by members of the Drug Enforcement Administration (DEA), or other law enforcement officers. Unless otherwise noted, whenever in this Affidavit your Affiant asserts that a statement was made, the information was provided by another law enforcement

1

officer (who may have had either direct or hearsay knowledge of the statement) to whom Affiant has spoken or whose forms Affiant has read and reviewed. Likewise, any information pertaining to vehicles and/or registrations, personal data on subjects, and record checks has been obtained through law enforcement databases.

## PROBABLE CAUSE

6. On October 15, 2019, Adult Parole Authority and the Northern Ohio Fugitive Task Force went to the residence of 2910 Loretta Court, Lorain, Ohio to conduct a parole visit of parolee Damian BELL. A Parole Officer decided to conduct the visit after receiving anonymous complaints that BELL was trafficking in drugs and possessed a firearm. The Lorain Police Department had also received information that BELL was selling drugs from that residence. BELL had previously told a Parole Officer that BELL resided at that residence.

7. A Parole Officer made contact with Kenadey Brooks and Brooks denied that BELL was at the residence. The Parole Officer observed signs of deception from Brooks. The Parole Officer began to call out for BELL and BELL eventually exited a bedroom and was detained. Law enforcement was notified that an infant child was sleeping on the bed in the northeast corner bedroom. As law enforcement continued to clear the residence and allow Brooks to take custody of her child in the northeast bedroom, they observed several clear bags and a digital scale in plain view on a dresser. One bag appeared to contain a rock-like substance and another contained a white powder. The digital scale was coated with a white powdery residue.

8. BELL made several statements that included that it was not his residence and then changed his statement to he was sleeping in the bedroom with his child. BELL claimed he was sleeping so he did not initially hear the callouts for him.  However, the bedroom that BELL exited after several call outs was not the northeast corner bedroom where the infant child was located.

9. The Lorain Police Narcotics Unit was contacted and they arrived on scene. The owner of the home was contacted. The owner informed the Lorain Police Narcotics Unit that the owner had not lived in the residence for several months and described BELL's room as at the end of the hallway with a king bed. Officers noted that was the only bedroom that fit that description and was where the suspected illegal drugs were located.

10. A search warrant, authorized by Judge Christopher Rothgery from the Lorain County Court of Common Pleas, was obtained for the residence. During a search of the residence, BELL's identification and several items were seized from the northeast bedroom.  These items were sent to the Lorain County Crime/Drug Lab for testing, with the following results:
    - 4.48 grams of a mixture containing of cocaine (Schedule II Controlled Substance);

- 0.11 grams of a mixture and substance containing a detectable amount of heroin (Schedule I Controlled Substance), and carfentanil (Schedule II Controlled Substance);
- 0.64 grams of a mixture containing cocaine (Schedule II Controlled Substance);
- 2.04 grams of a mixture containing cocaine (Schedule II Controlled Substance);
- 3.14 grams of a mixture containing cocaine ((Schedule II Controlled Substance), heroin (Schedule I Controlled Substance), and carfentanil (Schedule II Controlled Substance);
- One scale that contained cocaine (Schedule II Controlled Substance), heroin (Schedule I Controlled Substance), and fentanyl (Schedule II Controlled Substance); and
- One playing card that contained cocaine (Schedule II Controlled Substance)

11. Based on the preceding, I believe that probable cause exists to believe that Damien Bell has violated Title 21 U.S.C. Section 841(a)(1), Possession with Intent to Distribute Controlled Substances.

_____
William Meholif
Special Agent
Drug Enforcement Administration

This affidavit was sworn to by the affiant by telephone after a PDF was transmitted by email, per Crim R. 41(d)(3), this  16th   day of December, 2019.

_____
WILLIAM H. BAUGHMAN, JR.
UNITED STATES MAGISTRATE JUDGE

3